

**630 Fifth Avenue, Ste 2508, New York, NY 10111**
**212-664-1600 (tel.) 212-563-9280 (fax)**

Rania V. Sedhom, Member
Samuel A. Rubert, Of Counsel
Matthew J. Scott, Associate

November 16, 2022

<u>VIA ECF</u>
Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Harris v. Swiss Re America Holding Corp.,*
      Civil Action No. 1:22-cv-07059 (ALC)(SDA)

Dear Judge Carter:

This firm represents Plaintiffs in the above-referenced case and we submit this letter in response to Defendants' letter requesting leave to file a motion to dismiss dated November 14, 2022.

It is within Defendants' right to attempt to dismiss the case rather than answer the Complaint and, as such, Plaintiff has no objection to their request. Notwithstanding, dismissal of the case is premature, and the arguments propounded by Defendants ignore the holdings of this Court in *Sacerdote v. N.Y. Univ.*, 9 F.4th 95 (2d Cir. 2021), *cert. denied*, 142 S.Ct. 1112 (2022) and the Supreme Court in *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2002), and *Tibble v. Edison Int'l.*, 135 S. Ct. 1823 (2015). Like the complainant in *Sacerdote*, the Plaintiffs set forth cost differentials of specified basis points for several funds of which Swiss Re should have offered different classes. Compl. ¶¶ 60-67. The complaint further alleges that this information would have been available to the fiduciaries if they inquired. Compl. ¶¶ 64, 68, 72, 76-79. Since Plaintiffs allege that a better alternative investment was readily apparent and discoverable with an adequate investigation, their claims should survive a motion to dismiss.

While the Second Circuit agrees generally that the prudence of each investment is not assessed in isolation, the principle that a portfolio should be assessed holistically does not preclude critical assessment of individual funds. Plaintiffs alleged that the majority of the funds included in the Plan charged excessive fees. Compl. ¶¶ 46-58. This is enough to withstand

1

dismissal at the pleading stage. Moreover, revenue-sharing and recordkeeping claims do not foreclose a showing of loss. Defendants conflate loss with damages to misallocate the burden of proof and to discuss the merits of the case rather than whether allegations are properly alleged.

   It is uncontroverted that ERISA plan fiduciaries must discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like characters and with like aims." 26 U.S.C. § 1104(a)(1)(B). The Plaintiffs allege, among other things, that Swiss Re and other defendants violated their fiduciary duty of prudence by offering unnecessarily expensive investment options and paying excessive recordkeeping fees. Compl. ¶¶ 28, 46-67 The Complaint further alleges that the aggregate of the actions taken by the Defendants was in violation of ERISA. Compl. ¶ 45. If Defendants have proofs to contradict the allegation, they may offer them during discovery. If the Court permits Defendants to file a motion to dismiss and subsequently determines that the Complaint is deficient, Plaintiffs will amend it in accordance with F.R.C.P. 15(a)(1). However, requesting a motion to dismiss the Complaint's properly propounded allegations will ultimately fail.

   We thank the Court for its time and consideration.

            Respectfully submitted,
            SEDHOM LAW GROUP, PLLC


          By: */s/ Rania V. Sedhom*
            Rania V. Sedhom [RS5439]
            Managing Member
            *Attorney for Plaintiffs*


cc:  All counsel via ECF