# Morgan Lewis

**Melissa D. Hill**
Partner
+1.212.309.6318
melissa.hill@morganlewis.com

October 6, 2023

**VIA ECF**

Hon. Andrew L. Carter
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re:     *Harris v. Swiss Re American Holding Corporation, et al*. Case No. 1:22-cv-07059

Dear Judge Carter:

We represent Defendants in the above-referenced matter and submit this notice of supplemental authority to bring to the Court's attention a recent ruling that further supports Defendants' Motion to Dismiss the Complaint ("MTD"), ECF No. 32: *Antione v. Marsh & McLennan Companies, Inc.*, No. 22 CIV. 6637 (JPC), 2023 WL 6386005 (S.D.N.Y. Sept. 30, 2023) (Exhibit A). This in-jurisdiction decision involves similar investment underperformance allegations, including using the same comparator funds in an attempt to demonstrate underperformance. *Compare id*. at *3 (comparing challenged fund with "Vanguard, T. Rowe Price, American Funds, and Fidelity Freedom Index suites of TDFs") *with* Compl. ¶ 77 (same). In dismissing these allegations, the Honorable John P. Cronan, United States District Court Judge for the Southern District of New York, adopts many of Defendants' Motion to Dismiss arguments, namely that underperformance allegations must be "**consistent and substantial** to support an inference of imprudence." *Antione*, 2023 WL 6386005, at *10 (citing *Gonzalez v. Northwell Health, Inc.*, 632 F. Supp. 3d 148, 163 (E.D.N.Y. 2022)). In particular, the *Antione* opinion supports Defendants' Motion to Dismiss in three principal ways:

**First,** *Antione* details how "[d]istrict courts in the Second Circuit" have found underperformance of up to 4.4% to be insubstantial, and found that plaintiffs failed to state a claim because "the lowest underperformance Plaintiffs cite is around 2.5 percent." *Id*. at *11. As in *Antione*, Plaintiffs here only allege a few percentage points of underperformance, and their argument that all they must show is 1% underperformance is not supported by case law. ECF No. 33 ("MTD") at 22; ECF No. 39 ("Reply") at 8-9. For this reason alone, the Court should dismiss Plaintiffs' investment performance claim.

**Second,** *Antione* confirms an independent reason to dismiss Plaintiffs' performance claims: a failure to allege "consistent" underperformance. *See Antione*, 2023 WL 6386005, at *11 ("Further undercutting Plaintiffs' underperformance-based theory is the fact that the TDFs did not consistently underperform relative to the Comparators throughout the Class Period."). Here too, as

**VIA ECF**

Hon. Andrew L. Carter
October 6, 2023
Page 2

explained in Defendants' briefing, the Complaint shows that the challenged investments did not consistently underperform. MTD at 22-23; Reply at 9.

**Third,** just as Defendants argued, *Antione* confirms that a knowing breach of trust claim "cannot survive without a conclusion that there were breaches of Defendants' fiduciary duties in the first place." 2023 WL 6386005, at *11; MTD at 24. Because Plaintiffs here have failed to plausibly allege a breach of fiduciary duty claim, their knowing breach of trust claim fails as well.

For these reasons, in addition to those set forth in Defendants' prior briefing, the Court should dismiss the Complaint in its entirety, with prejudice.

Respectfully submitted,

*/s/ Melissa D. Hill*

Melissa D. Hill

cc: All Counsel of Record (via ECF and e-mail)